**SOUTHERN CALIFORNIA FEDERAL SAVINGS & LOAN ASSOCIATION; SoCal Holdings, Inc.; Arbur, Inc.; Roy Doumani; Preston Martin; William E. Simon, Jr., J. Peter Simon, George J. Gillespie, III, Executors of the Estate of William E. Simon; Beverly W. Thrall, Successor to the Claims of Larry B. Thrall; and Gerald L. Parsky, Plaintiffs,**

v.

**THE UNITED STATES of America, Defendant.**

No. 93–52C, 95–731C.

United States Court of Federal Claims.

Originally Filed Feb. 5, 2002.

Issued for Publication Feb. 19, 2002.

John C. Millian, Gibson, Dunn & Crutcher, Washington, D.C., for plaintiff Gerald L. Parksy.

Jerry Stouck, with whom were Rosemary Stewart and Monica A. Freas, Spriggs & Hollingsworth, Washington, D.C., for plaintiffs Southern California Federal Savings and Loan Association and SoCal Holdings, Inc.

Toni C. Lichstein, with whom was David S. Cohen, Milbank, Tweed, Hadley & McCloy, New York, N.Y., for plaintiffs Arbur, Inc., and William E. Simon, Jr., J. Peter Simon and George Gillespie, III, Executors of the Estate of William E. Simon.

Melvin C. Garbow, with whom were Howard N. Cayne, David B. Bergman, Michael A. Johnson, Ida L. Bostian, Arnold & Porter, Washington, D.C., for plaintiffs Roy Doumani, Preston Martin, and Beverly W. Thrall, Successor to the Claims of Larry B. Thrall.

David. C. Hoffman, Trial Attorney, Commercial Litigation Branch, with whom were Jeanne E. Davidson, Deputy Director, David M. Cohen, Director, and Stuart E. Schiffer, Deputy Assistant Attorney General, Department of Justice, Washington, D.C., for defendant. Delfa Castillo, Colleen Conry, Kenneth M. Dintzer, and Tonia J. Tornatore, Department of Justice, Washington, D.C., of counsel.

### ORDER

BASKIR, Chief Judge.

Pending before the Court in these *Winstar*-related cases is Gerald L. Parsky's December 28, 2001, Motion to Reconsider this Court's December 14, 2001, Order granting the Defendant's motion to dismiss *Gerald L. Parsky v. United States*, No. 95–731C (Fed. Cl., filed Nov. 6, 1995). We deny the motion.

### A. Procedural Background

On November 6, 1995, Gerald L. Parsky filed a complaint against the United States containing claims related to three separate savings and loan associations, Southern California Federal Savings and Loan Association ("SoCal"), Western Federal Savings and Loan Association ("WestFed"), and Honolulu Federal Savings and Loan Association ("HonFed"). As a matter of judicial convenience and economy, the complaint was divided up and each separate claim was consolidated with already existing separate cases involving the three thrifts, pursuant to RCFC Rule 42(a). Mr. Parsky's claims concerning WestFed were consolidated with *WestFed Holdings, Inc., et al. v. United States*, No. 92–820C, on February 20, 1998; those relating to HonFed were consolidated with *Bank of America, FSB v. United States*, No. 95–660C, on June 3, 1998; and those relating to SoCal were consolidated with the case *Southern California Federal Savings and Loan Association, et al. v. United States*, No. 93–52C (Fed. Cl., filed Jan. 28, 1993) on February 9, 2000.

After a period of discovery, the Defendant filed, on July 6, 2001, a Renewed Motion to Dismiss the Claims of Gerald L. Parsky Pursuant to Statute of Limitations in Case No. 95–731C. Because the Government's renewed motion was based upon the same set of facts and required resolution of the same question that had previously been before Judge John P. Wiese, the Court referred the new motion to him. Case 95–731C, however, remained on this Court's docket.

On December 12, 2001, Judge Wiese issued his decision resolving the statute of limitations question and referred the matter back to this Court for disposition. Mr. Parsky conceded that he had filed his complaint beyond the six-year statutory time limit. Accordingly, Judge Wiese held that Mr. Parsky's complaint was time-barred by the statute of limitations provided for in 28 U.S.C. § 2501 (1994). On December 14, 2001, we granted the Defendant's renewed motion to dismiss and ordered the Clerk of Court to enter judgment for the Defendant in case number 95–731C, *Gerald L. Parsky v. United States*. Judgment was entered the same day.

## B. Motion to Reconsider

On December 28, 2001, Mr. Parsky filed a Motion to Amend Judgment and for Reconsideration. The Court denied Mr. Parsky's motion to amend the judgment on January 4, 2002, but invited the Defendant, pursuant to RCFC Rule 59(b), to respond to Mr. Parsky's reconsideration motion. In his motion, Mr. Parsky asserts that in the process of referring the statute of limitations question to Judge Wiese the Court forgot to consider two of his arguments. Mr. Parsky first argues that because then-Chief Judge Loren A. Smith consolidated his case, number 95–731C, with the *SoCal* case, number 93–52C, Mr. Parsky's claims are "not subject to dismissal on statute of limitations grounds." Motion for Reconsideration, p. 2. Mr. Parsky also argues, as he did in opposition to the Defendant's renewed motion to dismiss, that his claims "plainly relate back to those of the other plaintiffs." *Id.*

As an initial matter, it should go without saying that the Court's granting of the Government's motion to dismiss operated as an implicit rejection of Mr. Parsky's arguments in rebuttal, including both the "consolidation" and the "relation-back" arguments. The arguments were neither overlooked nor "misunderstood." Memorandum in Support of Motion for Reconsideration, p. 14.

The Government opposes Mr. Parsky's motion. It argues that consolidation does not merge the two cases into a single cause of action, and it cites a 1933 Supreme Court case as support for its argument. *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933) ("Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause.").

■ Consolidation under Rule 42(a) is simply a procedural device. RCFC Rule 42(a) states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matter in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

A consolidation order does not merge two cases into a single claim, nor does it change or expand the parties' rights. It does not expand this Court's jurisdiction, which is narrowly defined and statutorily prescribed by Congress. Our jurisdiction cannot be enlarged by rule. Consolidation with the timely-filed *SoCal* case simply cannot rescue Mr. Parsky. By his own admission, Mr. Parsky's complaint was filed too late, and thus was appropriately time-barred by the statute of limitations.

By way of illustration, the Government notes, quite correctly, that the two cases were never treated as if they were merged into one. The Court has always treated Mr. Parsky's case as a separate case, using different case numbers, requiring separate answers to the different complaints, and granting a special motion to adopt the summary judgment briefing completed in the *SoCal* case to Mr. Parsky's separate case.

■ Second, Mr. Parsky argues, as he has repeatedly in his previous filings, that his claims "relate-back" under Rule 17. But Mr. Parsky never answers the central question: To whom do his claims relate back? Gerald Parsky was the **only** plaintiff in his case, *Gerald L. Parsky v. United States*, No. 95–731C. There were no other plaintiffs. The mere case management device of consolidation does not mean that Mr. Parsky became a plaintiff in a differently-filed case, nor does it mean that he enjoyed any status whatsoever in that other case. Therefore, before even reaching the question of claim ownership, the central Rule 17 issue, it was apparent that there was no other claim to which his claim could have related back.

Mr. Parsky, in a filing before Judge Wiese on the statute of limitations question, stated in a footnote that he wished to intervene in the *SoCal* case, number 93–52C, and then relate-back as a real party in interest. This Court carefully considered Mr. Parsky's relation-back argument in the context in which it was presented, and rejected it as out-of-order. In dismissing Mr. Parsky's case, we stated:

Because the question of intervention necessarily arises when an individual is not a

party to a lawsuit, it was out-of-order to seek leave to intervene in briefing papers submitted as a party plaintiff. The Court further reminds counsel that all motions are to be separately filed and briefed in accordance with the Rules of the Court of Federal Claims and this Court's Special Procedures Order. This Court does not accept motions by footnote.

December 14, 2001, Order.

Mr. Parsky has now cured these two procedural defects by filing an independent motion to intervene in case number 93–52C. In urging that his motion to intervene be granted, Mr. Parsky asserts that his claim would be timely because it would relate-back to the claims of pre-existing plaintiffs in case 93–52C. We will address that motion when it is ripe.

### C.  Conclusion

No part of Mr. Parsky's original, now-dismissed case "fell between the cracks." Motion for Reconsideration, p. 2. This Court, as well as Judge Wiese, considered and rejected all of Mr. Parsky's arguments. Accordingly, the December 14, 2001, Order of dismissal stands, and Mr. Parsky's December 28, 2001, Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**